NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000228
02-MAR-2020
08:36 AM

NO. CAAP-19-0000228

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRADLEY PAI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-18-02847)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Upon review of the record in appellate court case number CAAP-19-0000228, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In this appeal, Defendant-Appellant Bradley Dean M. Pai (Pai), self-represented, appears to be appealing from the Honorable Margaret K. Masunaga's February 22, 2019 interlocutory order directing Pai to fill out a form for the Office of the Public Defender and return to court on March 18, 2019, for a pre-trial conference in district court criminal case number 3DTA-17-02487. At that time, the district court had not yet held a trial on Plaintiff-Appellee State of Hawaii's (the State) August 15, 2017 complaint against Pai for:

> (1) operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-61 (Supp. 2018),
>
> (2) operating a motor vehicle without a valid license in violation of HRS § 286-102 (2007 & Supp. 2018), and
>
> (3) operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104 (2005).

The February 22, 2019 interlocutory order is not an independently appealable final order under HRS § 641-12(a), and thus the dismissal of this appeal is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." In order to perfect a defendant's right to appeal from a district court criminal case pursuant to HRS § 641-12(a), the district court must enter either a judgment of conviction with a complete sentence, or an order dismissing the complaint without prejudice, thereby terminating the proceedings and leaving nothing further for the district court to accomplish. State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding the appealability of a district court judgment of conviction and sentence under HRS § 641-12); Nicol, 140 Hawai'i at 491, 403 P.3d at 268 (explaining that "under the Hawaii Revised Statutes, district court defendants . . . in . . . district . . . court may appeal from an order dismissing proceedings without prejudice.") (citations omitted)). At the

2

time Pai filed his March 21, 2019 notice of appeal,[1] the district court had not yet announced or entered any final appealable decision or order.

On April 15, 2019, the district court did enter a judgment dismissing the State's case without prejudice, which was an appealable final judgment under the holding in Nicol, and, Rule 4(b)(4) of the Hawai'i Rules of Appellate Procedure (HRAP) provides that "[a] notice of appeal filed <u>after the announcement</u> of a decision, sentence or order but before entry of the judgment or order shall be deemed to have been filed on the date such judgment or order is entered." (Emphasis added.) Nevertheless, at the time Pai filed his March 21, 2019 notice of appeal from the February 22, 2019 interlocutory order, the district court had not yet announced the dismissal of the underlying case. In order for a defendant to invoke HRAP Rule 4(b)(4) for a premature notice of appeal, at the time the defendant files the premature notice of appeal, the trial court must have already announced a decision, sentence or order that will be appealable and final when the trial court reduces that announcement to a written judgment or written order.

The Supreme Court of Hawai'i held that, where a party filed his notice of appeal <u>before</u> the trial court's announcement of its final decision, that premature notice of appeal was a legal nullity that had no legal effect with respect to the written appealable final order that the trial court later entered. Grattafiori v. State, 79 Hawai'i 10, 13-14, 897 P.2d 937, 940-41 (1995).

In the instant case, Pai filed his March 21, 2019 notice of appeal before the district court orally announced any

---

[1] It appears Pai submitted his Notice of Appeal to the district court on March 21, 2019. It was then electronically file-stamped on March 22, 2019. Thus, it appears the effective date is March 21, 2019.

final decision that could be appealable.  Therefore, we lack jurisdiction regarding this appeal.

IT IS HEREBY ORDERED that appellate court case number CAAP-19-0000228 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai‘i, March 2, 2020.


Chief Judge


Associate Judge


Associate Judge

4